**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY J. WATKINS | : | |
| | : | |
| Appellant | : | No. 2507 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003076-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY J. WATKINS | : | |
| | : | |
| Appellant | : | No. 2508 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003109-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY J. WATKINS | : | |
| | : | |
| Appellant | : | No. 2509 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000928-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
| RODNEY J. WATKINS | : |  |
|  | : |  |
| Appellant | : | No. 2510 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000957-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| RODNEY J. WATKINS | : |  |
|  | : |  |
| Appellant | : | No. 2511 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000964-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| RODNEY J. WATKINS | : |  |
|  | : |  |
| Appellant | : | No. 2512 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004511-2021

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:          **FILED OCTOBER 22, 2025**

- 2 -

J-S31031-25

In these consolidated appeals,[1] Appellant Rodney J. Watkins appeals from the judgment of sentence imposed after entering a no contest plea to three counts of involuntary deviate sexual intercourse with a child, three counts of corruption of minors, one count of aggravated indecent assault, and one count of unlawful contact with a minor.[2] On appeal, Appellant challenges the discretionary aspects of his sentence.[3] After review, we affirm based on the trial court's opinion.

_____

[1] On October 1, 2024, Appellant filed separate applications to consolidate the appeals at 2507 EDA 2024, 2508 EDA 2024, 2509 EDA 2024, 2510 EDA 2024, 2511 EDA 2024, and 2512 EDA 2024. After consideration of Appellant's applications, the trial court dockets, notices of appeal, and criminal docketing statements, this Court consolidated the appeals. *See* Order, 11/4/24, at 4.

[2] 18 Pa.C.S. §§ 3123(b), 6301(a)(1)(ii), 3125(6), 6318(a)(1). The charge of aggravated indecent assault was charged under former 18 Pa.C.S. § 3125(6), which was effective at the time Appellant committed the offense on or about December 26, 1992. *See* Criminal Information (CP-51-CR-928-2021), 3/1/21, at 1-2. Former Section 3125(6) provided that "a person commits a felony of the second degree when he engages in penetration, however slight, of the genitals or anus of another with a part of the actor's body for any purpose other than good faith medical, hygienic or law enforcement procedures if . . . he is over 18 years of age and the other person is under 14 years of age." *See* 18 Pa.C.S. § 3125(6) (effective April 3, 1990), *amended by* Act of Mar. 31, 1995 (Spec. Sess. No. 1), P.L. 985, No. 10, § (effective May 30, 1995); *see also* Appellant's Brief at 6 n.3.

[3] The trial court noted that at the plea hearing, "both the Commonwealth and [Appellant's] counsel notified the [c]ourt that their negotiations led to an agreement to a cap of fifteen (15) to thirty (30) years as the aggregate sentence in all six dockets in which [Appellant] pled." Trial Ct. Op., 12/20/24, at 5 (citation omitted). Because Appellant's plea agreement did not include a specific term of incarceration and only placed limitations on his possible sentence, we conclude that it was a "hybrid" plea agreement. *See* *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994); *see also*
*(Footnote Continued Next Page)*

- 3 -

The trial court summarized the factual background at each trial court docket as follows:

### A. Docket Number CP-51-CR -0003076-2020[4]

[Appellant] met 12-year-old W.L. around 2011 or 2012 while working as a skateboarding coach and owner of skateboarding team called Powerfulnailya. [Appellant] took W.L. and other children to skateboarding competitions around the city of Philadelphia and to multiple state competitions. Prior to the competitions, [Appellant] would have members of the team, including W.L., sleep over at his house located [in] Philadelphia, PA.

On more than one occasion, when W.L. would wake up [Appellant] would be laying in bed with him rubbing his penis and scrotum. On at least one of W.L.'s visits to [Appellant's] residence, [Appellant] gave drinks to the members of the skateboarding team that made W.L. feel tired. After waking up, [Appellant] entered the room and began talking about skateboarding as he got closer and closer to W.L. [Appellant] then took W.L.'s clothes off and began to perform oral sex on him. [Appellant] grabbed W.L.'s hand to try to hold it on his penis and use it to stroke his penis. W.L. pulled his hand back to stop touching [Appellant's] penis. [Appellant] threatened W.L. that if he ever told anyone what happened, he would ruin his skateboarding career.

### B. Docket Number CP-51-CR-0003109-2020[5]

[Appellant] met 11-year-old N.M. at the Pops Skatepark in the Fishtown section of Philadelphia. [Appellant] informed N.M. that he was the owner of a skateboarding team and offered N.M. a

---

***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (explaining that a defendant is not precluded from appealing the discretionary aspects of his sentence following an open guilty plea because there has been no bargain for a specific term of incarceration in the negotiated plea agreement). Accordingly, Appellant is not precluded from appealing the discretionary aspects of his sentence. ***See Dalberto***, 648 A.2d at 21.

[4] Superior Court docket 2507 EDA 2024.

[5] Superior Court docket 2508 EDA 2024.

chance to join the team. On trips to several skateboarding competitions, [Appellant] would make "dirty jokes" and reach behind to the rear seat of the vehicle and [grab] the children-members of the team's penises over their pants. [Appellant] also took his penis out of his pants and would have the children grab it.

When N.M. was 12 years old in 2012, while staying at [Appellant's] house . . . for a sleepover before a skateboarding competition, [Appellant] laid down next to N.M. on the couch and began to rub his penis and kiss N.M. on the lips. [Appellant] pulled N.M.'s pants down and performed oral sex on him for approximately 20 to 30 minutes. N.M. was "frozen" while [Appellant] continued to assault him.

### C. Docket Number CP-51-CR-0000928-2021[6]

[Appellant] met 12-year-old N.H. when she was hanging out with her friends who were young skateboarders. N.H. was invited to [Appellant's] apartment at an unknown location in the city of Philadelphia. Upon arrival, [Appellant] told N.H. how beautiful she was and that he wanted to "do something he knew she would like." [Appellant] then put his hands down N.H.'s pants and put his fingers in her vagina. N.H. told [Appellant] she didn't like it to which [Appellant] replied, "every girl's vagina [is] different."

### D. Docket Number CP-51-CR-0000957-2021[7]

[Appellant] met 11-year-old C.C.[8] at Whitehall Skatepark in Philadelphia. [Appellant] informed C.C. that he was the owner of a professional skateboarding team and that he wanted C.C. to join the team. C.C. was invited over to [Appellant's] house [in] Philadelphia, PA, prior to a skateboarding trip. When C.C. was at [Appellant's] residence, [Appellant] put pornographic videos on the television for C.C. to watch and placed his head on C.C.'s lap.

---

[6] Superior Court docket 2509 EDA 2024.

[7] Superior Court docket 2510 EDA 2024.

[8] In the trial court opinion, the trial court refers to the victim at trial court docket CP-51-CR-0000957-2021 as both "C.C." and "C.C.G." *See* Trial Ct. Op., 12/20/24, at 3-4, 9. We note that "C.C." and "C.C.G." are the same person. *See*, *e.g.*, N.T. Sentencing, 5/3/24 at 36.

C.C. then pulled out his penis and [Appellant] performed oral sex on C.C.

### E. Docket Number CP-51-CR-0000964-2021[9]

12-year-old L.Z. met [Appellant] at a skateboarding event in the schoolyard outside of his school in Philadelphia. [Appellant] spoke to L.Z. about joining [Appellant's] skateboarding team at that time, which L.Z. later joined. On various occasions while in the car traveling to skateboarding competitions, [Appellant] passed iPads and tablets with pornographic material around the car to the members of the team. [Appellant] encouraged the children to pull out their penises and masturbate in the car. [Appellant] also pulled out his penis and masturbated in the car. He told the children to masturbate until they ejaculated. [Appellant] then passed the children tissues for when they were finished masturbating.

While in the vehicle on these trips, [Appellant] also told the children to penetrate each other. He told them that "it would feel good" if they penetrated each other. [Appellant] also reached into the backseat of the car and touched the children's penises over their pants.

### F. Docket Number CP-51-CR-0004511-2021[10]

[Appellant] met 12-year-old R.V. while R.V. was skateboarding at Whitehall Skatepark in the city of Philadelphia. [Appellant] approached R.V. and explained to him that he was the owner of a skateboarding team and that he wanted R.V. to join the team which R.V. later joined. On several trips to skateboarding competitions, [Appellant] made inappropriate comments and jokes to the children in the car. [Appellant] would also routinely reach into the back of the car and grab at the children's penises, including R.V., over their pants. [Appellant] also passed around napkins to the children and encouraged them all to masturbate in the car.

On at least one occasion, [Appellant] asked R.V. if he had a "grown penis" and he put his hands down R.V.'s pants fondling his penis in an attempt to masturbate R.V. R.V. told [Appellant] to stop.

---

[9] Superior Court docket 2511 EDA 2024.

[10] Superior Court docket 2512 EDA 2024.

Trial Ct. Op., 12/20/24, at 2-5 (some formatting altered and internal citations and footnote omitted).

As stated, Appellant entered a plea of no contest to three counts of involuntary deviate sexual intercourse with a child, three counts of corruption of minors, one count of aggravated indecent assault, and one count of unlawful contact with a minor. At trial court docket CP-51-CR-0003076-2020, the trial court sentenced Appellant to a term of fifteen to thirty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0003109-2020, the trial court sentenced Appellant to a term of fifteen to thirty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0000957-2021, the trial court sentenced Appellant to a term of ten to twenty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0000928-2021, the trial court imposed a sentence of five to ten years of incarceration for aggravated indecent assault; at CP-51-CR-0000964-2021, the trial court imposed a sentence of three and one-half to seven years of incarceration for unlawful contact with minor; and at CP-51-CR-0004511-2021, the trial court imposed a sentence of three and one-half to seven years of incarceration for unlawful contact with

minor. ***See*** N.T. Sentencing, 5/3/24, at 46-47.[11] The trial court ordered Appellant to serve these sentences concurrently for an aggregate sentence of fifteen to thirty years of incarceration followed by the mandatory three-year term of probation. ***See id.***

Appellant filed a timely post-sentence motion to modify his sentence. Appellant's post-sentence motion was denied by operation of law on September 6, 2024, and Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the trial court impose a clearly unreasonable and excessive total sentence of 15 to 30 years of incarceration, which ensures that Appellant will remain imprisoned during his lifetime, where the sentence failed to account for Appellant's background, character or rehabilitative needs, all in violation of the fundamental norms which underlie the Sentencing Code?

Appellant's Brief at 3 (some formatting altered).

Appellant argues that the trial court imposed an excessive sentence, which amounts to a *de facto* life sentence because Appellant would be in his early eighties at the expiration of his maximum sentence, and that the trial court failed to consider mitigating factors and Appellant's rehabilitative needs. ***See id.*** at 14-15. Appellant's claim implicates the discretionary aspects of

---

[11] The trial court also imposed the mandatory consecutive term of three years of probation pursuant to 42 Pa.C.S. § 9718.5. ***See*** N.T. Sentencing, 5/3/24, at 46-47. Further, the trial court stated on the record that Appellant was subject to lifetime registration and reporting with the Pennsylvania State Police. ***See id.*** at 48. However, Appellant was not determined to be a sexually violent predator. ***See id.***

Appellant's sentence. *See Commonwealth v. Kurtz*, 294 A.3d 509, 535 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023) (stating that a claim that the sentencing court disregarded mitigating factors involves the discretionary aspects of sentencing); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (explaining that a claim asserting that the trial court did not adequately consider the defendant's rehabilitative needs implicates the discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted).  Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issues by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claims present a substantial question for our review. *See Commonwealth v. Swope,* 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a claim that sentence is excessive, together with a claim that the court failed to consider the defendant's rehabilitative needs and mitigating factors, presents a substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Kurtz*, 294 A.3d at 536. In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court

was fully aware of all mitigating factors[.]" *Id.* (citation omitted). Further, just as Appellant is not entitled to a volume discount for multiple crimes, he is likewise not entitled to a "seasonal discount" due to his age. *Commonwealth v. Lawrence*, 313 A.3d 265, 287 n.6 (Pa. Super. 2024) (citation omitted).

Following our review of the record, the parties' briefs, and relevant legal authority, we discern no abuse of discretion by the trial court. *See Edwards*, 194 A.3d at 638; *Raven*, 97 A.3d at 1253-54; *see also Lawrence*, 313 A.3d at 287 n.6. Accordingly, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., 12/20/24, at 1-15.[12] The trial court thoroughly addressed Appellant's challenge to the discretionary aspects of his sentence and concluded that Appellant was not entitled to relief. *See id.* at 7-14. For these reasons, we affirm based on the trial court's well-reasoned opinion.[13]

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[12] We note that there are two citation errors in the trial court's opinion. The citation to the *Coulverson* case on page 10 of the trial court opinion should refer to A.3d rather than A.2d. Additionally, the trial court's citations to 42 Pa.C.S.A. 303a.6(3) and (f) on page 12 of the trial court opinion should cite to 204 Pa.Code § 303a.6(e) and (f), respectively.

[13] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

- 13 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/22/2025